D&F
C/M
ORIGINAL

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 31 2008 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GERALD GRIFFIN,

                Petitioner,

-against-

ROBERT WOODS, Superintendent, Upstate Correctional Facility,

                Respondent.
-----------------------------------------------------------x

MEMORANDUM AND ORDER
Case No. 08-CV-106 (FB)

*Appearances:*
*For the Petitioner:*
JILLIAN S. HARRINGTON, ESQ.
Platzer, Luca & Pearl LLP
61 Broadway, Suite 1601
New York, NY 10006

*For the Respondent:*
THOMAS M. ROSS, ESQ.
Office of the District Attorney
Kings County
350 Jay Street
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Petitioner Gerald Griffin ("Griffin") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Griffin was convicted of "depraved indifference" murder under N.Y. Penal Law § 125.25(2) in 1998. He argues that decisions by the New York Court of Appeals modifying the definition of depraved indifference murder, *see People v. Feingold*, 7 N.Y.3d 288 (2006), and holding that the modification is not retroactive, *see Policano v. Herbert*, 7 N.Y.3d 588, 603 (2006), render his conviction under the prior definition violative of the federal constitutional guarantee of due process. The petition is denied because it is untimely and is, in any event, without merit.

1

I

A. Factual Background

On April 22, 1997, after a hostile verbal exchange with Shawntane Bradshaw ("Bradshaw"), Griffin pulled out a gun and pointed it at Bradshaw. The two struggled. Griffin shot Bradshaw three times at close range, twice in the abdomen and once in the back, killing him. At trial in Kings County Supreme Court, the jury was charged on both depraved indifference murder and intentional murder. *See* N.Y. Penal Law § 125.25(1)-(2). Griffin was found guilty of depraved indifference murder and sentenced to twenty-five years to life.

Griffin pursued a direct appeal, but did not prevail. He sought certiorari in the United States Supreme Court, which was denied on October 6, 2003. *See Griffin v. New York*, 540 U.S. 817 (2003). Almost two years after the Supreme Court declined to review his case, Griffin initiated a collateral attack on his conviction in state court pursuant to N.Y. Crim. Proc. Law § 440.10. Griffin's state collateral attack ended on March 12, 2007, when the Appellate division denied leave to appeal its denial of the § 440.10 motion. *People v. Griffin*, No. 2006-04789 (2d Dep't Mar. 12, 2007). Griffin filed the present *habeas* petition on January 8, 2008.

B. Changes in New York Law

In, 2006, the Court of Appeals overruled prior decisions holding that "depraved indifference" refers to the factual setting of risk-creating conduct rather than to the defendant's *mens rea* and declared that depraved indifference is a culpable mental state. *Feingold*, 7 N.Y.3d at 294. Later the same year, in response to three certified questions from

2

the Second Circuit, the New York Court of Appeals held that the new definition of depraved indifference does not apply retroactively to convictions that became final before the law changed. *See Policano v. Herbert (Policano I)*, 7 N.Y.3d 588, 603 (2006).[1] On September 19, 2007, the Second Circuit accepted the non-retroactivity of *Feingold* in its decision denying *habeas* relief to a petitioner who had been convicted under the pre-*Feingold* definition of "depraved indifference." *See Policano v. Herbert (Policano II)*, 507 F.3d 111, 114-16 (2d Cir. 2007).

## II

The Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. 104-132, 110 Stat. 1214 (1996), provides that a "1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of the following:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] *Policano I* does not decide the question of exactly when the law changed, but appears to narrow it down to being no earlier than *People v. Hafeez*, 100 N.Y.2d 253 (2003), and no later than *Feingold* was decided in 2006. *Policano I*, 7 N.Y.3d at 602-03.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Griffin argues that his petition is not untimely because the AEDPA limitations period should have started over when the Second Circuit issued its decision in *Policano II*. He contends that his due process rights were violated by the Court of Appeals' decision that *Feingold* is not retroactive, and that *Feingold* was not "fully adjudicated" until *Policano II*, because "for all intents and purposes [*Policano II*] served to affirm the New York State Court of Appeals' decision regarding retroactivity." Reply Mem of Law in Supp. of Pet. 4.[2] Since none of the provisions of § 2244(d)(1) apply, the *Policano* decision cannot serve as the beginning of the one-year limitations period for Griffin's petition. *See Lo v. Endicott*, 506 F.3d 572, 574-75 (7th Cir. 2007) (holding that new state substantive case law is not a new factual predicate under § 2244(d)(1)(D)); *Shannon v. Newland*, 410 F.3d 1083, 1088 (9th Cir. 2005) (holding that new state law is neither new factual predicate nor removal of an "impediment" under § 2244(d)(1)(B)); *Minter v. Beck*, 230 F.3d 663, 665-66 (4th Cir. 2000) (holding that change in state substantive case law does not constitute the removal of an impediment). Griffin's conviction became final on October 6, 2003, when the Supreme Court denied certiorari. The AEDPA limitations period expired on October 6, 2004;

---

[2] Presumably, Griffin argues that *Policano II* should yield the relevant date because his petition was filed more than a year after *Policano I* was decided and would therefore be untimely if *Policano I* were to serve as the beginning of the one-year limitations period; however, it makes no difference because neither decision can serve as the beginning of the limitations period under the provisions of § 2244(d).

4

Griffin's petition, filed more than three years later, is untimely.[3]

Nor is Griffin entitled to have the AEDPA statute of limitations equitably tolled. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) ("In order to equitably toll the one-year period of limitations, [the petitioner] must show that extraordinary circumstances prevented him from filing his petition on time." (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996))). Griffin has not shown that extraordinary circumstances prevented him from filing a *habeas* petition before 2004. *See Lo*, 506 F.3d at 576 ("We have never held that a change in state substantive law constitutes an 'extraordinary circumstance' that warrants equitable tolling."); *Minter*, 230 F.3d at 666-67 (rejecting petitioner's equitable tolling argument based on a change in state law because petitioner's failure to timely file "was not due to a circumstance external to his own conduct"); *Corrigan v. Barbery*, 371 F. Supp. 2d 325, 331 (W.D.N.Y. 2005) ("I have not found any precedent standing for the proposition that the unavailability of beneficial case law is an 'extraordinary circumstance' that would excuse a petitioner's lateness in filing a habeas petition.").

In any event, the petition is meritless. *Habeas* relief is not available under AEDPA unless the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Carey v. Musladin*, 549 U.S. 70 (2006) (holding that "clearly established Federal law" means the holdings of the

---

[3] Griffin's state collateral attack does not affect the running of the one-year time limit because it was initiated after the period had expired. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (finding that state collateral proceeding "does not reset the date from which the one-year statute of limitations begins to run").

Supreme Court, narrowly construed). The Supreme Court has not held that the Constitution requires the application of a new interpretation of state law retroactively — in fact, the Court has expressly left the question open. *See Fiore v. White*, 531 U.S. 225, 226 (2001) (declining to decide whether "the Federal Due Process Clause requires a State to apply a new interpretation of a state criminal statute retroactively to cases on collateral review"); *see also Bunkley v. Florida*, 538 U.S. 835, 841 (2003) (noting that *Fiore* left the question open).

## CONCLUSION

The petition is denied. A certificate of appealability will not be issued because Griffin has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
October 29, 2008