UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
GERALD GRIFFIN,

                    Petitioner,

  -against-

ROBERT WOODS, Superintendent, Upstate
Correctional Facility,

                    Respondent.
---------------------------------------------------------x

**AMENDED**
**MEMORANDUM AND ORDER**
Case No. 08-CV-106 (FB)

*Appearances:*

| | |
|---|---|
| *For the Petitioner:* | *For the Respondent*: |
| GERALD GRIFFIN, *pro se* | CHARLES J. HYNES, ESQ. |
| #99-A-0113 | District Attorney, Kings County |
| Attica Correctional Facility | By: THOMAS M. ROSS, ESQ. |
| Post Office Box 149 |     Assistant District Attorney |
| Attica, NY 14011 | 350 Jay Street |
| | Brooklyn, NY 11201 |

**BLOCK, Senior District Judge:**

        Gerald Griffin ("Griffin") is currently in custody pursuant to a state-court judgment of conviction for depraved-indifference murder. On October 31, 2008, the Court issued a memorandum and order (the "October 31st M&O") denying Griffin's petition for a writ of *habeas corpus* on the grounds that the petition was untimely and, in any event, without merit. Judgment was entered accordingly on December 23, 2008.

        Proceeding *pro se*, Griffin now seeks relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). He argues that the petition's untimeliness was the result of malpractice by an attorney he had retained to pursue post-conviction remedies on his behalf.

        Rule 60(b)(6) authorizes relief from judgment for "any other reason" not listed in the rule's first five subsections; such relief is reserved for "extraordinary circumstances" and cases of "extreme hardship." *United States v. Cirami*, 563 F.2d 26, 32 (2d Cir. 1977) (citations and internal

quotation marks omitted). In the *habeas* context, the rule affords relief if the movant can "show that his lawyer agreed to prosecute a *habeas* petitioner's case, abandoned it, and consequently deprived the petitioner of any opportunity to be heard at all." *Harris v. United States*, 367 F.3d 74, 81 (2d Cir. 2004).

Griffin alleges that his prior attorney did just that – promised to file a *habeas* petition, but failed to do so despite Griffin's repeated entreaties. The Court's alternative holding on the merits of Griffin's belated petition, however, makes it unnecessary to address whether counsel's alleged abandonment of his client excuses its untimeliness.[1] Griffin is not entitled to the changes in the standards for depraved-indifference murder under New York law because the New York Court of Appeals has squarely held that those changes do not apply retroactivity. *See Policano v. Herbert*, 7 N.Y.3d 588, 603 (2006). As the Court previously explained, that holding does not run afoul of clearly established federal law. *See* October 31st M&O at 5-6. The Second Circuit recently reached the same conclusion. *See Henry v. Ricks*, 578 F.3d 134 (2d Cir. 2009). In sum, the Court would have denied Griffin's petition on the merits even if it had been timely.

For the foregoing reasons, the motion for relief from judgment is denied. Since Griffin has failed to make a substantial showing of the denial of his constitutional rights, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253; *Kellogg v. Strack*, 269 F.3d 100, 103 (2d Cir. 2001) (requiring certificate of appealability for appeals of denials of Rule 60(b) motions in *habeas* cases).

**SO ORDERED.**

_____

---

[1] The Court expresses no opinion on the veracity of Griffin's allegations.

                                          FREDERIC BLOCK  
                                        Senior United States District Judge

Brooklyn, New York  
March 17, 2010