ORIGINAL

D&F
C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

GERALD GRIFFIN,

                Movant,

    -against-

ROBERT WOODS, Superintendent,
Upstate Correctional Facility

                Respondent.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 08-CV-106 (FB)

*Appearances:*
*For the Petitioner:*
GERALD GRIFFIN, *pro se*
99-A-0113
Attica Correctional Facility
P.O. Box 149
Attica, NY 14011-0149

*For the Respondent:*
THOMAS M. ROSS, ESQ.
Kings County District Attorney
350 Jay Street at Renaissance Plaza
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

        Gerald Griffin, proceeding *pro se*, is currently in custody pursuant to a state-court judgment of conviction for depraved-indifference murder. On October 31, 2008, the Court issued a memorandum and order (the "October 31st M&O") denying Griffin's petition for a writ of *habeas corpus* on the grounds that the petition was untimely and, in any event, without merit because he was not entitled to a retroactive application of the changes to New York's depraved-indifference murder law.

        Griffin subsequently sought relief pursuant to Fed. R. Civ. P. 60(b)(6), arguing that the untimeliness of his *habeas* petition was the result of his attorneys' malpractice. On March 17, 2010, the Court issued a memorandum and order denying Griffin's motion (the

"March 17th M&O") in accordance with its alternate holding on the merits in the October 31st M&O.

Griffin now submits a letter, described as a "motion for Reconsideration," asking the Court to reconsider the March 17th M&O. While the basis for this motion is unclear, as best the Court can glean Griffin makes substantively the same argument that he put forth in his Rule 60(b)(6) motion: that his attorneys failed to timely file his *habeas* petition.

However, as the Court explained in the March 17th M&O, the Court would have denied Griffin's *habeas* petition even if it had been timely filed because Griffin is not entitled to the changes in the standards for depraved-indifference murder under New York law. The New York Court of Appeals has squarely held that those changes do not apply retroactively. *See Policano v. Herbert*, 7 N.Y.3d 588, 603 (2006); *Henry v. Ricks*, 578 F.3d 134, 138 (2d Cir. 2009) (holding that, under *Policano*, the changes to New York's depraved-indifference murder law "[do] not apply retroactively"). Accordingly, Griffin's letter motion is denied.

**SO ORDERED.**

/S/

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 5, 2010

2